# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICTOR V. ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 07-086-RAW-KEW |
| ) | |
| HARVEY BURKHART and ) | |
| KIM MILLER, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This action is before the court on Defendant Kim Miller's motion to dismiss for plaintiff's failure to cooperate in discovery [Docket #43]. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, brought this action under the authority of 42 U.S.C. § 1983. He is seeking relief for alleged constitutional violations during his incarceration at the Carter County Detention Center in Ardmore, Oklahoma. The remaining defendant is Kim Miller, Carter County Jail Nurse. Defendant Harvey Burkhart was dismissed from this action on April 17, 2009 [Docket #42].

After numerous unsuccessful attempts to complete discovery, on November 18, 2008, Defendant Miller filed a motion to compel plaintiff's discovery responses [Docket #32]. In particular, plaintiff had failed to sign and return a medical authorization so Defendant Miller could obtain his relevant medical records. Plaintiff filed a response on November 24, 2008, claiming he had not failed to cooperate with the document request [Docket #33]. He alleged he did not have the requested documents in his possession, but he would produce them when

he received them. He did not address his failure to sign and return the requested medical authorization, which was the main subject of the motion to compel. On April 17, 2009, the court granted the motion to compel and directed plaintiff to respond to the defendant's discovery requests within 15 days [Docket #41]. Plaintiff was advised that his failure to cooperate in discovery could result in sanctions, including dismissal of this lawsuit.

On April 21, 2009, Defendant Miller sent plaintiff a letter by certified mail to his address of record, enclosing copies of her request for production of documents and medical authorization and advising plaintiff that his responses were due by May 4, 2009 [Docket #43-2]. According to the certified mail return receipt, the mail was received on April 23, 2009 [Docket #43-5]. Plaintiff did not respond to the request for production of documents. In particular, he did not sign and return the requested medical authorization.

Defendant Miller next filed this motion to dismiss. When plaintiff failed to respond to the motion, the court directed him to show cause in writing why the motion should not be granted [Docket #44]. Plaintiff was advised that his failure to show cause as directed would result in dismissal of this action. On June 18, 2009, plaintiff filed a response to the show cause order, alleging he provided the pertinent medical records on March 2, 2009 [Docket #45]. He admitted he had not signed the medical release form, because it basically was blank and did not state what records the defendant would be requesting. He asserts he would sign the form if ordered to do so by the court, and if it is completed with information about which medical providers will be contacted and what records will be requested. The court already has ordered plaintiff to produce the requested documents.

Defendant Miller's reply to plaintiff's response to the show cause order alleges the requested medical authorization form is not blank [Docket #46]. Instead, it requests

2

disclosure of "[a]ll medical information" and "[a]ll counseling, psychological and/or psychiatric records" concerning plaintiff [Docket #46-2]. Defendant Miller asserts the name of the individual or facility from which the information will be requested was intentionally left blank on the form, so the same form can be used for plaintiff's known medical providers, along with any that may be discovered through continuing discovery. Using the blank form eliminates the need for multiple forms or for Defendant Miller to seek a new authorization from plaintiff whenever a new medical provider is discovered.

"[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

> The district court's discretion to choose a sanction is limited in that the chosen sanction must be both "just" and "related to the particular 'claim' which was at issue in the order to provide discovery." Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant;," (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."
>
> These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction. The court should ordinarily evaluate these factors on the record.

*Id.* at 921 (citations omitted). "[I]n cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Id.* at 920 n.3.

After careful review, the court finds the defendant clearly has been prejudiced by the

3

plaintiff's conduct. Plaintiff's complaint includes a claim that when he was booked into the Carter County Detention Center on March 2, 2007, he was sick and in need of medical treatment. *See* Docket #1 at 3. He alleges he had a hole in his side from surgery on February 12, 2007, and he needed medication to prevent infection and liver pain. *Id.* Despite plaintiff's condition and his request for medical care, he allegedly was made to sleep on the floor without a mattress. *Id.* He contends he did not see a doctor until March 15, 2007, and the delay in treatment has caused pain and fluid on his liver. *Id.* The court finds that plaintiff's failure to sign the medical release form allowing the defendant to obtain plaintiff's medical records has prevented the defendant from proceeding with her defense of this case.

The court further finds the judicial process has been stalled by plaintiff's behavior. He was ordered to provide the discovery requests by May 2, 2009. He has refused to sign the medical release, despite the court's order compelling discovery and the defendant's explanation of the form. As a result, Defendant Miller has been unable to complete discovery relevant to plaintiff's medical claims.

Regarding plaintiff's culpability, the court finds he stubbornly has refused to sign the form, so the case can proceed. He has provided no reasonable explanation for his failure to cooperate by signing the form, especially after the defendant explained why the form did not specify the medical provider. Furthermore, he has submitted no legal basis for his insistence that the medical release form include the name of the medical provider and a description of the requested information.

The court twice has warned plaintiff that he was risking dismissal by failing to cooperate in discovery [Docket #41 and #44]. On June 11, 2009, he was directed to show cause why Defendant Miller's motion to dismiss should not be granted, and he expressly was

admonished that his failure to show cause would result in dismissal of this action [Docket #44]. Nonetheless, he has persisted in his refusal to sign the medical release.

Finally, the court has evaluated the efficacy of lesser sanctions than dismissal of the lawsuit. Defendant Miller must acquire plaintiff's medical records to defend this lawsuit, yet plaintiff has failed to comply with the court's orders, which included his providing a signed medical release form. His refusal to sign and return the form has blocked the progress of meaningful discovery by the defendant. The court, therefore, concludes that no lesser sanction would serve the interest of justice.

**ACCORDINGLY,** Defendant Kim Miller's motion to dismiss [Docket #43] is GRANTED, and this action is, in all respects, DISMISSED for plaintiff's failure to cooperate in discovery.

**IT IS SO ORDERED** this 23rd day of July 2009.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**